UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEDDY J. VANHOY                                CIVIL ACTION

VERSUS                                         NO: 03-1090

UNITED STATES OF AMERICA                       SECTION: "J"(4)

ORDER AND REASONS

Before the Court is the **Motion for Partial Summary Judgment on Issue of Future Medical Expenses**, filed by Defendant **(Rec. Doc. 50)**.  This motion was opposed and was originally set for hearing on the briefs on July 19, 2006.  Having reviewed the motion for partial summary judgment, the memoranda of counsel, and applicable law, the Court finds that this motion should be denied.

Background

Plaintiff Teddy Vanhoy and his wife, Tamra Vanhoy, have sued the United States alleging that the Veterans Administration Medical Center in New Orleans, Louisiana, committed acts of malpractice during its attempt to reintubate Mr. Vanhoy after his breathing tube was removed while he was recovering from surgery in the Intensive Care Unit of the hospital.  Plaintiffs allege that Mr. Vanhoy will require future medical expenses.  Defendant has moved to have the Court decide that a "reversionary trust" must be established to administer Mr. Vanhoy's future medical

expenses.  Plaintiffs object to the establishment of such a trust.

The parties agree that there are no factual issues in dispute and have requested a legal determination to aid in their settlement negotiations.

## The Parties' Arguments

Defendant argues that a reversionary trust should be created as it comports with La. R.S. 13:5601(B)(a) and (b) and also comports with Louisiana jurisprudence.  Defendant argues that the creation of a reversionary trust is the only means to ensure that funds allocated for future medical expenses are actually used for that purpose.

Plaintiffs, on the other hand, assert that La. R.S. 13:5106, which imposes limitations on states, state agencies, and political subdivisions, has no application to this Federal Tort Claims Act ("FTCA") case because the United States is neither a state agency nor a political subdivision.  Instead, Plaintiffs argue that the United States is subjected to the same liability as that faced by a private actor.  In other words, this Louisiana statute can have no impact on Congress's decision in the FTCA to impose the same liability on the United States as it does on private actors.  For the reasons explained below, this Court agrees with Plaintiffs.

## Discussion

The FTCA provides a limited waiver of the federal government's sovereign immunity. Johnston v. United States, 85 F.3d 217, 218-219 (5th Cir. 1996).  This Act states that "[t]he

United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as *a private individual* under like circumstances." 28 U.S.C. § 2674 (emphasis added).

Both Plaintiff and Defendant agree that Louisiana's medical $500,000 malpractice damages cap applies to lawsuits brought under the FTCA.  See Owen v. United States, 935 F.2d 734, 739 (5th Cir. 1991).  However, this particular motion for partial summary judgment was brought about because Defendant seeks to apply the limitations provided for in La. R.S. 13:5106, which limits the method of payment of future medical expenses, to this FTCA case.  However, La. R.S. 13:5106 only applies to states, state agencies, and political subdivisions.  The Court agrees with Plaintiff that this statute has no impact on this FTCA case.  This is because the FTCA makes the United States liable in the same manner and to the same extent as a *private individual – not a state, state agency, or political subdivision*.  As Judge Vance ruled in Johns v. United States, 1998 WL 151282, *14 (E.D. La. March 30 1998), "the United States can only be held liable for medical malpractice as a private practitioner could be held liable under Louisiana law."  The Court, therefore, disagrees with Defendant that a reversionary trust is mandated or necessary in this FTCA case.

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Issue of Future Medical Expenses**, filed by Defendant **(Rec. Doc. 50)** should be and is hereby **DENIED**.

New Orleans, Louisiana this 28th day of July, 2006.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE