```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TEDDY J. VANHOY                              CIVIL ACTION

VERSUS                                       NO: 03-1090

UNITED STATES OF AMERICA                     SECTION: "J"(4)
```

## ORDER AND REASONS

Before the Court is the **Motion in Limine Re Application of the Medical Malpractice Act**, filed by the government. This motion was opposed and is before the Court on the briefs alone. Having reviewed the memoranda of counsel and applicable law, the Court finds that *if* it determines that future medicals are to be awarded, they should be awarded in the form of a lump sum payment - not in the form of a reversionary trust, as the government argues.

## Background

This case involves the claims of Plaintiffs Teddy Vanhoy and his wife, Tamra Vanhoy, who have sued the United States alleging that the Veterans Administration Medical Center in New Orleans, Louisiana, committed acts of malpractice during its attempt to reintubate Mr. Vanhoy after his breathing tube was dislodged while he was recovering from cardiac surgery in the Intensive Care Unit of the hospital. The Court previously denied the government's Motion for Partial Summary Judgment on Issue of Future Medical Expenses (Rec. Doc. 57), which sought to apply the

1

limitations provided for in La. R.S. 13:5106.  The Court determined that La. R.S. 13:5106 only applied to the state of Louisiana, state agencies, and political subdivisions and was, accordingly, not applicable to this Federal Tort Claims Act ("FTCA") case because the FTCA makes the United States liable in the same manner and to the same extent as a *private individual – not a state, state agency, or political subdivision*.  Thus, this Court disagreed with the government that a reversionary trust was mandated or necessary.  Now, the government asserts that a reversionary trust should be implemented for other reasons, and Plaintiffs, again, oppose these assertions and claim that a lump sum payment is appropriate.

## Arguments of the Parties

The government asserts that because it is entitled to be treated in the same manner as a private individual under "like circumstances," the Court should fashion a remedy most reasonably analogous to the Louisiana legislature's treatment of future medical expenses under the state's medical malpractice act. LaBarge v. Mariposa County, 798 F.2d 364, 367 (9th Cir. 1986), cert. denied, 481 U.S. 1014 (1987).  The government argues that two Louisiana statutes seek to prevent the medical malpractice cap from being circumvented.  Specifically, La. R.S. 13:5106 B(3)(a) requires a court to establish a reversionary trust in any suit for personal injury against a political subdivision.  La. R.S. 40:1299.43 relates to the Patient's Compensation Fund ("PCF") and provides that future medical expenses are awarded as

they are incurred. The government states that in no instance has the legislature provided for a lump sum payment of future medical expenses. Therefore, the most reasonably analogous course of action would be to subject any award of future medical expenses to a reversionary trust wherein medical expenses would be paid directly to the health care provider - as the Tenth Circuit did in <u>Hill v. U.S.</u>, 81 F.3d 118 (10th Cir. 1996); <u>Deasy v. U.S.</u>, 99 F.3d 354, 360 (10th Cir. 1996); and <u>Hull v. U.S.</u>, 971 F.2d 1499, 1504-05 (10th Cir. 1992).

In opposition, Plaintiffs assert that the <u>Hill</u> case is inapplicable to this situation because in <u>Hill</u>, the parties agreed that a trust should be imposed; however, they differed in their opinions as to whether the trust should be reversionary. The Tenth Circuit concluded:

> Nevertheless, we believe that the district court can create a reversionary trust that would approximate the result contemplated by the HCAA [the Colorado Health Care Availability Act]. Under the HCAA, an award for future medical expenses would not accrue to the plaintiff's heirs upon his or her death. Thus, in this case, the government should receive a reversionary interest in that part of [Plaintiffs' minor child]'s award which covers future medical expenses.

81 F.3d at 121. Plaintiffs note that the Colorado state statute applicable in <u>Hill</u> differs from the Louisiana statute as it requires the trier of fact to award a lump sum, which was then to be paid out in several periodic payments, which would cease when the victim died. Therefore, the Tenth Circuit was able to use a reversionary trust to put the victim in the same position he

3

would have been in under state law - that is, he was able to be awarded a lump sum, which was simply paid through periodic payments.

Plaintiffs argue that Louisiana's medical malpractice act is different because the only task it places on the Court is the task of determining the need for future medicals. All other issues, including the amount of future medicals, are left to a state administrative body, the PCF. Plaintiffs argue that if the Court establishes a reversionary trust, they will not be placed in the same position as they would be placed under the state medical malpractice act.

Next, Plaintiffs argue that <u>Hull</u> is also inapplicable to this situation. In <u>Hull</u> the Court awarded future medicals through a reversionary trust, but noted that it gave great consideration to the fact that the victim consented to the reversionary trust. Here, clearly Plaintiffs do not agree to the creation of a reversionary trust.

Plaintiffs argue that given the provisions of the Louisiana medical malpractice act, a reversionary trust is not required under the Federal Tort Claims Act ("FTCA") "like circumstances" language. Plaintiffs argue that there is no evidence to suggest that such would be in Mr. Vanhoy's best interest. Also, there is no Fifth Circuit authority to support the government's position. Plaintiffs claim that in several other cases, the use of a reversionary trust in FTCA cases has not been allowed. Plaintiffs cite passages from two cases that support their

position that a reversionary trust should not be imposed. For example, the Third Circuit concluded:

> We agree with the district court that in administering the legislation in question a district court should not make other than lump-sum money judgments unless and until Congress shall authorize a different type of award. The relaxation of sovereign immunity is peculiarly a matter of legislative concern, responsibility and policy. If novel types of awards are to be permitted against the government, Congress should affirmatively authorize them.

<u>Frankel v. Heym</u>, 466 F.2d 1226, 1228-29 (3rd Cir. 1972). The First Circuit reached a similar conclusion in <u>Reilly v. U.S.</u>, 863 F.2d 149 (1st. Cir. 1988):

> On the first point, the district court concluded that, "in the absence of an agreement by the parties to structure the future-care award, the law leaves the court with no alternative but to order the payment of a lump sum judgment." The government's argument that the award could have been made in the form of a structured payout, rather than a lump sum, seems to have been plucked from thin air.
>
> To our knowledge, the only other circuit which has directly addressed this issue in the context of an FTCA suit concluded that the common law rule-to the effect that a court's authority to award damages for personal injuries is limited to making lump-sum judgments-controls "unless and until Congress shall authorize a different type of award."

863 F.2d at 169, <u>quoting</u> <u>Frankel v. Heym</u>, 466 F.2d 1226, 1228-29 (3d Cir.1972). Also, Plaintiffs reference the case of <u>Wyatt v. U.S.</u>, 944 F. Supp. 803 (E.D. Mo. 1996), wherein the Court rejected the government's request to impose a reversionary trust on the award of future medical payment - even though Missouri's state statute provided for the payment of future medicals through

5

periodic payments.  That Court specifically concluded:

> The government's argument that the FTCA requires the Court to fashion the trust remedy most analogous to the periodic payment schedule contemplated in Missouri law is not persuasive. As the Tenth Circuit noted in Hill, the existing case law does not "offer direct support for the proposition that the United States may attempt to create a rough equivalent to a state statute when they are clearly ineligible for the precise remedy provided therein." Furthermore, "the government has offered no reason why a reversionary trust could possibly benefit [the victim], nor can we divine any." Through his counsel, [the victim] has objected to the imposition of a reversionary trust, and unlike the tort victims in Hull and Hill, [the victim]is a competent adult.
>
>  In summary, the Court is persuaded that the statutory scheme of § 538.220.2 R.S. Mo. cannot be imposed upon the United States, and that the Court has authority, but is not required, to impose a reversionary trust such as that proposed by the government here. Because the Court is also persuaded that the principal consideration in determining whether to impose a reversionary trust is the benefit of the tort victim, the Court will deny the government's motion in light of its failure to demonstrate that such a trust would be in the plaintiff's best interest.

944 F. Supp. at 804.  Plaintiffs argue that a lump sum payment of an award of future medicals is proper because there is no controlling authority in the Fifth Circuit to indicate otherwise, because the circuits differ in agreement on this issue, and because there is no evidence that the establishment of a reversionary trust would be in their best interest.

### **Discussion**

The Third Circuit first noted in <u>Frankel</u> that a district court, in administering the FTCA, should not order anything other

6

than a lump sum money judgment – unless Congress authorizes another type of award. 466 F.2d at 1228-29.  The First Circuit joined the Third Circuit years later in <u>Reilly</u> when it reasoned:

> Defendant, we believe, has placed the cart well in front of the horse. When a tortfeasor loses at trial, then-absent a statute or the parties' contrary agreement . . . it must pay the judgment in one fell swoop. . . . Nor does the court have a right to impose a periodic payment paradigm on the parties, over protest, solely to ease the tortfeasor's burden or to suit some fancied notion of equity.

863 F.2d at 170.  Thus, the <u>Reilly</u> Court concluded, ". . . absent unusual circumstances not present here . . . the court below was right in insisting that its award of damages be rendered in lump-sum form."  <u>Id.</u>

 As Plaintiffs point out in opposition to the government's motion, the cases of <u>Hull</u> and <u>Hill</u> are inapplicable to this case. In <u>Hull</u>, the legal representative of the victim consented to a fully reversionary trust, and the Court deemed that fact a "highly relevant consideration" in its decision to allow the reversionary trust. <u>Hill</u> is distinguishable because it involved a Colorado state statute that specifically required the trier of fact to award a lump sum, which was then to be paid out in several periodic payments, which would cease when the victim died.  Last, in <u>Wyatt</u> a district court denied the government's request to impose a reversionary trust as it had not shown how the imposition of such would be in the best interest of the victim. 944 F.Supp at 804.

The Fifth Circuit has not addressed this specific issue. However, this Court finds that imposition of a reversionary trust is neither required nor warranted in the circumstances of this case. The "unusual circumstances" noted by the court in <u>Reilly</u> are not present, and a lump sum award of future medicals is appropriate. Further, the government has not shown or attempted to show that a reversionary trust would be in the best interest of Plaintiffs, who, as it turns out, specifically object to such an imposition.[1] Thus, this Court concludes that any future medicals awarded will be in the form of a lump sum payment.

New Orleans, Louisiana this 27th day of September, 2006.

*[signature]*
_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] This matter was tried to the Court on September 18-19, 2006. The evidence showed that Teddy Vanhoy, while catastrophically injured, is nonetheless mentally competent.